UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
REGINA LEWIS,

                 Plaintiff,

   -against-

CHRYSLER FCA US LLC and DONGFENG
MOTOR GROUP,

                Defendants.
---------------------------------------------------------------X

**OPINION AND ORDER**

23 Civ. 2631 (PMH) (JCM)

      Plaintiff Regina Lewis ("Plaintiff"), proceeding *pro se*, commenced this lawsuit against Defendants Dongfeng Motor Group and Chrysler FCA US LLC ("FCA") alleging that she suffered injuries from a motor vehicle accident caused by a manufacturing defect in her vehicle. (*See* Docket Nos. 1, 3). Presently before the Court is Plaintiff's motion for reconsideration, (Docket No. 30), of Judge Halpern's July 19, 2023 Order denying her request to join State Farm and Vince's Auto Body Works as defendants in this action, (Docket No. 24). FCA opposes Plaintiff's motion. (Docket No. 29). For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

**I. LEGAL STANDARD**

      "The decision to grant or deny [a motion for reconsideration under Local Civil Rule 6.3] is within the sound discretion of the . . . court." *Dellefave v. Access Temporaries, Inc.*, No. 99 CIV. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).[1] In the Second Circuit, granting reconsideration "is an 'extraordinary remedy to be employed sparingly in the interests

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then she may request copies from FCA's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.").

of finality and conservation of scarce judicial resources.'" *Peterson v. Home Depot U.S.A., Inc.*, No. 11 Civ. 5747 (ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)). The movant may not use the motion "to start a new round of arguments," nor "should the Court be expected to wade through lengthy papers that simply reiterate in slightly different form the arguments already made in the party's original papers." *Metro. Opera Ass'n, Inc. v. Local 100*, No. 00 Civ. 3613 (LAP), 2004 WL 1943099, at *2 (S.D.N.Y. Aug. 27, 2004) (citation omitted).

To succeed on a motion for reconsideration, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dellefave*, 2001 WL 286771, at *1; *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court." *Id.*; *see also Park South Tenants Corp. v. 200 Cent. Park Assocs., L.P.*, 754 F. Supp. 352, 354 (S.D.N.Y. 1991) ("The standard . . . is strict in order to preclude repetitive arguments on issues that have already been considered fully by the Court."), *aff'd*, 941 F.2d 112 (2d Cir. 1991).

## II. DISCUSSION

### A. Plaintiff's Motion for Reconsideration

Here, Plaintiff presents no new factual matters that would alter the Court's decision. Instead, Plaintiff repeats the same arguments that were considered, and rejected, by Judge Halpern in his well-reasoned decision. (*Compare* Docket No. 17 *with* Docket No. 30). A motion for reconsideration is not a vehicle to raise new arguments, nor to "simply reiterate in slightly different form the arguments already made in the party's original papers." *Metro. Opera Ass'n,*

*Inc.*, 2004 WL 1943099, at *2.  Accordingly, the Court declines to reconsider since Plaintiff repeats the same arguments, which do not alter the Court's previous conclusion. *See Smith v. New York City Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) (summary order) (denying reconsideration where movant "simply rehashed his prior arguments"); *Pascal v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 09-CV-10082 (ER), 2013 WL 5878142, at *2 (S.D.N.Y. Oct. 31, 2013) (denying reconsideration where Court fully considered original arguments and did not overlook facts); *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 271-72 (S.D.N.Y. 2001) (denying reconsideration where movant attempted to "relitigate arguments already considered and rejected" by the court).

Plaintiff cites to additional caselaw that, in her view, warrants reconsideration of the Court's decision.  "To prevail on a motion for reconsideration on the basis of new authority, plaintiffs must identify either an intervening change of controlling law, …or precedent the Court overlooked and that would materially influence the Court's prior decision." *Serdarevic v. Centex Homes, LLC*, No. 08 CV 5563 (VB), 2012 WL 5992744, at *2 (S.D.N.Y. Nov. 7, 2012) (citations omitted).  Generally, previously available authority that a party failed to cite in their motion papers "cannot appropriately be relied upon" as a valid basis for reconsideration. *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441 (LAK) (HBP), 2003 WL 22127011, at *2 (S.D.N.Y. Sept. 15, 2003).  However, the Court has reviewed Plaintiff's newly cited authority and finds that it is inapposite and not controlling, and it would thus not materially influence Judge Halpern's decision.  Accordingly, Plaintiff's motion for reconsideration is denied.

### B. FCA's Request for Plaintiff to Certify Authority

FCA requests that the Court enter an order requiring Plaintiff to certify "that she has both (1) read the authority she cites to; and (2) believes in her best judgment that the authority cited stands for the proposition for which it is cited." (Docket No. 29 at 8). The Court denies this request for several reasons. First, Plaintiff is proceeding *pro se* and, to the Court's knowledge, is not an attorney. Therefore, it is unclear how Plaintiff's certification would aid in FCA's assessment of the authority cited. Second, FCA cites to no controlling authority where a court imposed a similar burden on a *pro se* plaintiff. As FCA acknowledges, *pro se* plaintiffs "are to be afforded leniency in the interpretation of their filings." (*Id*. at 7). Third, while FCA argues that it is burdened by the need to "review each of the citations made by Plaintiff in her filings in order to prepare adequate defenses to her claims, all of which comes at a cost," (*id*.), this is the same obligation that a competent attorney would face in any litigation. Accordingly, FCA's request is denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is denied. The Clerk of the Court is respectfully requested to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

Dated:   August 29, 2023
         White Plains, New York

                                      **SO ORDERED:**

                                      *Judith C. McCarthy*
                                      JUDITH C. McCARTHY
                                      United States Magistrate Judge