SDNY PRO SE OFFICE

2024 MAR -1  AM II: 27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS
    Plaintiff,

                                        Docket: 23Cv. 2631 (PMH) (JCM)
    v.                                  Amended Motion Rule 56
FCA US LLC.
    Defendant,

_____

Please Take Notice of *Plaintiffs* Third Rule 56 Motion and that upon previously disclosed evidence, I motion the court to rule in compliance with the Fed. R. Civ. P. Rule 56.

To Judge Halpern:

I do not see how you denied my Amended Rule 56 motion on February 20th, 2024, when according to your law clerks, and the *pro se* office, as of February 23, 2024, the motion had not been received, which means that you accepted the defendants reasoning without reviewing the motion to see if it actually was filed in violation of the *"Stipulated Protective Order."*

Rule 56. Summary Judgment

- MOTION FOR SUMMARY JU for summary judgment, id defense — on which sui judgment if the movant sh the movant is entitled to ju the reasons for granting or

- (b) TIME TO FILE A MOTIO otherwise, a party may file the close of all discovery.

Your decision is inconsistent with "if the pleadings, depositions, ans affidavits, if any, show that there party is entitled to a judgment as a Discovery is complete and emaili

Plaintiff's purported Amended Rule 56 Motion (Doc. 67) is denied for, *inter alia*, failure to comply with the Court's Individual Practices, the Federal Rules of Civil Procedure, and the Local Civil Rules.

As previously stated by the Court, Plaintiff is reminded that if she intends to file opposition to Defendant's pending motion for summary judgment, her opposition is due by April 5, 2024 (*see* Doc. 58). Further, to the extent Plaintiff seeks summary judgment in her favor, the Court has given notice pursuant to Federal Rule of Civil Procedure 56(f) that it may grant summary judgment in favor of the non-movant if the motion papers so warrant such relief, without the necessity of Plaintiff filing her own motion. (Doc. 71).

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
           March 14, 2024

is an abuse of discretion, because you based your ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." In re Sims, 534 F.3d 117, 132 (2d Cir. 2008). The defendants are liable as a matter of law for selling a corroded flood vehicle as new. Even one defect rendered the 2020 Jeep Grand Cherokee Laredo unroadworthy according to the defendant's own manufacturer's warranty let alone sixty known defects and the eight warranty claims. As a *pro se* litigant, the court is supposed to construe what I say as true.

My First Rule 56 motion was filed on December 12th, 2023, which was denied because it was too soon. I filed a second, Rule 56 Motion on January 29th, 2024, that to date the *pro se* office and your chambers claims to have never received despite the certificate of mailing and tracking number that is evidence to the contrary. I also filed an amended Rule 56 on February 2nd, 2024, with a certificate of mailing and tracking number.

Based on your order docketed on February 19th, 2024, "all documents for consideration must be filed on the docket." The court is simply not docketing my motion and other filings. I am now filing a third application  For an Opportunity to Be Heard on the propriety of taking judicial notice and the nature of the fact to be noticed pursuant to the Federal Rule of Evidence 201. The court has refused to declare the facts attached to my Rule 56 to be presented as evidence as true without a formal presentation of evidence. If the court is not going to grant this third Rule 56 Motion as a matter of law, then the court must explain citing precedent rather than defaming me in lieu of a prima facie case for strict liability. It is my position that the defendant's disclosure, whether confidential or not, substantiates my claim of breach of implied warranty, warranty, and strict liability as a matter of law under both New York and Michigan Law, negligence, and personal injury.

Factual Matter

On January 11th, 2023, I was driving my neighbor's 2020 Jeep Grand Cherokee Laredo when it malfunctioned. The brakes failed, and I could not stop resulting in me striking the other vehicle in the rear and then striking a fixed cement post. The 2020 Jeep Grand Cherokee Laredo was manufactured and assembled at the Chrysler Jefferson North Assembly Plant 2101 Conner St, Detroit, MI 48215, that is known to flood.

On January 11th, 2023, I was driving slowly into the Multi-level Parking Garage located at the Dutchess County Transit Hub 11-13 Market St. Poughkeepsie, NY 12601 at or around

10:00AM. As the vehicle in front of me slowed to get a parking ticket, I put my foot on the brake and the Jeep accelerated and rearended the vehicle in front of me. I had no control over the vehicle. The steering rack broke, and the Jeep jumped the curb and slammed into a large cement pillar on the driver's side. The Jeep continued to accelerate after I was able to exit the vehicle.

Prior to the vehicle's malfunction there was a terrible odor coming from the motor that I later learned was due to multiple leaking fluid lines. The Jeep's history from the assembly plant to the Milford Pennsylvania Chrysler Dealership is outlined in the attached exhibits and the graphic photos show evidence of flood damage. Based on the EDR Download, all three EDR freeze frames place my foot on the brake just before the collision(s). There is substantial evidence that proves that the 2020 Jeep Grand Cherokee Laredo was a distressed vehicle and unroadworthy according to Chrysler's own policy. The Technical Service Bulletin (TSB) lists sixty manufactures defects, which include an internal crack in the spark plug, leaking fluid lines, and missing engine parts, and other defects were not codable and there is no history of a single repair. The dealership also filed eight warranty claims and elected only to replace the engine cover to prevent the rattling noise and the vehicle was sold as new. Photos also show that the vin etchings on the motor differ from the Vin Number. The EDR download also proves that there was an inadequate warning due to a defect in the electrical wiring. The active head rest did not engage, to protect my neck from whiplash and the air bag did not deploy. Both the air bag and active head rest were previously recalled. The vehicle's owner said that he did not receive a recall notice. I sustained a full tear in my Rotator Cuff, whiplash, Annular Tears with leaking fluid from Bulging Discs.

Previously disclosed Material Exhibits:

- Practitioner's Affidavit
- FCA Disclosure-000952, Freeze Frame Data/Frame#1Code:P257F ECU: PCM, the brake switch was pressed.
- Command Throttle Actuator Control Value 2.75 which means the engine was idling.
- FCA Disclosure-000954, Freeze Frame Data Frame #2, Code: P257F/ECU: PCM vehicle speed was zero. Commanded Throttle Actuator Control 4.31 means the engine was idling, when it accelerated.

- FCA Disclosure-000956, Freeze Frame Data Frame #3 Code: P257F/ECU: PCM Brake switch APP Pedal Percent 0.00., establishing I never pressed the accelerator and the was idling prior to the unexpected sudden acceleration.
- Police report.
- Technical Service Bulletin proof of sixty defects
- Proof of eight Warranty Claims

In the defendant's classified photos, there is dirt detail on the engine, broken fluid lines, broken steering rack that was also recalled, spot welding consistent with flood damage, that all affected the vehicle's performance. After the accident, the repair bill was $15,545.67, which is far more than the vehicle's actual value, due to all the reasons stated above. Carfax is also reporting misinformation as to the vehicle's history and value.

I am entitled to summary judgment as a matter of law, based on breach of warranty. See Act 236 of 1961. 600.2947 Product liability action; liability of manufacturer or seller:

(1), The product was not reasonably fit for its use or purpose, or a use reasonably foreseeable by the manufacturer when it left the manufacturer's control. (2), The breach of the implied warranty was a significant contributing factor in causing the harm or injury. (3), The failure of the product to meet the express warranty was a significant contributing factor in causing the injury. See *Stachurski v K Mart Corp*, *180 Mich App 564, 567 (1989)*.

Respectfully submitted,

February 25, 2024

cc:
Heather Fine
Nelson Mullins LLP.
1235 Westlakes Drive, Suite 215
Berwyn, PA 19312

Regina Lewis
135 Main St. Apt. 801
Poughkeepsie, NY 12601

RDC 99

Retail

**U.S. POSTAGE PAID**
**FCM LETTER**
**POUGHKEEPSIE, NY 12601**
**FEB 26, 2024**

10007

**$0.00**

R2305E126108-27

Pro se Office
United States District Court
500 Pearl St.
New York, NY 10007