UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                      Plaintiff,

-against-

CHRYSLER, FCA US LLC, ET AL.,

                      Defendants.

**OPINION AND ORDER**

23-CV-02631 (PMH)

PHILIP M. HALPERN, United States District Judge:

Regina Lewis ("Plaintiff") initiated this action *pro se* and *in forma pauperis* against Chrysler, Fiat Chrysler Automobiles, and Dongfeng Motor Group ("Dongfeng")[1] on March 29, 2023, alleging that she suffered injuries from a motor vehicle accident caused by a manufacturing defect in the vehicle she was driving. (Doc. 1, "Compl.").[2] On June 5, 2023, FCA US LLC ("Defendant FCA") filed an Answer. (Doc. 10).[3] On July 19, 2023, the Court denied without prejudice Plaintiff's request for leave to join State Farm and Vince's Auto Body Works as defendants in this action. (Doc. 24).

The Court referred this matter to Magistrate Judge McCarthy for general pre-trial matters. (Docs. 25-26). The parties thereafter engaged in discovery pursuant to a Civil Case Discovery Plan and Scheduling Order. (Doc. 27). Magistrate Judge McCarthy denied without prejudice Plaintiff's

---

[1] On April 28, 2023, the Court issued an Order of Service stating that "[b]ecause Plaintiff alleges no facts about Dongfeng, the Court does not direct service on Dongfeng, . . . without prejudice to Plaintiff's amending her complaint to state a claim against Dongfeng." (Doc. 6). Plaintiff did not amend her complaint and, therefore, failed to allege any facts related to Dongfeng. Accordingly, to the extent Plaintiff asserts any claims against Dongfeng, Dongfeng is dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] On April 28, 2023, Plaintiff obtained leave of the Court to file this action. (Doc. 5).

[3] Defendant FCA US LLC states that it was "improperly identified [in the Complaint] as Chrysler." (Doc. 10).

request to join Stellantis Jefferson North Assembly Plant and the Milford Chrysler dealership as defendants in this action. (Doc. 44). On December 28, 2023, Magistrate Judge McCarthy deemed discovery in this matter closed. (Doc. 56).

Defendant FCA moved for summary judgment on February 28, 2024, in accordance with the briefing schedule set by the Court. (Doc. 58; Doc. 62; Doc. 63; Doc. 64, "Def. Br."; Doc. 65, "Fine Decl."). Following an extension of time to file opposition papers (Doc. 80), Plaintiff failed to file a response to Defendant FCA's motion for summary judgment. Defendant FCA did not file a reply brief. (Doc. 85).[4]

The Court denied Plaintiff's request for leave to move for summary judgment on several occasions for failure to comply with the Court's Individual Practices governing summary judgment practice. (Doc. 48; Doc. 55; Doc. 61; Doc. 75; Doc. 83). However, on March 6, 2024, the Court construed Plaintiff's repeated motions for summary judgment as her request to search the record on Defendant FCA's motion and accordingly, gave notice pursuant to Federal Rule of Civil Procedure 56(f) that it may grant summary judgment in favor of the non-movant if the motion papers so warrant such relief, without the necessity of Plaintiff filing her own motion. (Doc. 71).

For the reasons set forth below, Defendant FCA's motion for summary judgment is GRANTED.

---

[4] Citations to the documents referenced herein correspond to the pagination generated by ECF.

**BACKGROUND**

The Court recites the facts herein only to the extent necessary to adjudicate the extant motion and draws them from: (1) the Complaint; (2) Plaintiff's affidavit filed in conjunction with the Complaint (Doc. 3, "Lewis Aff."); (3) Defendant FCA's Statement of Undisputed Facts[5]; and (4) the Fine Declaration, together with the exhibits annexed thereto, which includes a transcript of Plaintiff's deposition, conducted on September 29, 2023 (Doc. 65-1, "Pl. Tr.").

Plaintiff is a resident of New York. (Doc. 64 at 6-13, "SOF" ¶ 1; Compl. at 3; Pl. Tr. at 21:11-15). On January 11, 2023, Plaintiff was driving her friend John Owens' 2020 Jeep Grand Cherokee (the "Vehicle") in Poughkeepsie, New York. (SOF ¶ 2; Lewis Aff. at 1-2; Compl. at 5). After driving for approximately two hours, Plaintiff started to enter a parking garage located at 11 Civic Center Plaza, Poughkeepsie, New York, behind another car, driven by Ashleigh Charlson, which was stopped at the ticket station. (SOF ¶¶ 3-5; Pl. Tr. at 53:21-54:14, 92:5-7; Fine Decl., Ex. B "Accident Report"). Plaintiff's Vehicle suddenly accelerated and hit the back of Ms. Charlson's car, and then jumped the curb to the right and struck a pillar, where the Vehicle came

---

[5] Plaintiff did not submit a Rule 56.1 statement. While "*pro se* litigants are [ ] not excused from meeting the requirements of Local Rule 56.1 . . . where a *pro se* plaintiff fails to submit a proper Rule 56.1 statement in opposition to a summary judgment motion, the Court retains some discretion to consider the substance of the plaintiff's arguments, where actually supported by evidentiary submissions." *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009); *see also Gadson v. Goord*, No. 96-CV-07544, 2000 WL 328879, at *3 (S.D.N.Y. Mar. 28, 2000) ("Plaintiff did not submit a Statement Pursuant to Civil Rule 56.1. Instead, he submitted 'Plaintiff's Opposition for Defendant's Memorandum of Law in Support of Motion for Summary Judgment,' stating his disagreement with the defendant's version of the facts. In light of plaintiff's *pro se* status, the Court will accept this memorandum in lieu of a Rule 56.1 Statement."). The Court considers Plaintiff's disagreement with statements in Defendant FCA's Statement of Undisputed Facts to the extent that the disagreement is supported by evidence in the record. The Court is mindful that bald and conclusory statements do not constitute opposition to Defendant FCA's Statement of Undisputed Facts. *See Woods v. Acampora*, No. 08-CV-04854, 2009 WL 1835881, at *3 (S.D.N.Y. June 24, 2009) ("[A] *pro se* party's 'bald assertion' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." (quoting *Odom v. Keane*, 1997 WL 576088, at *3 (S.D.N.Y. Sept. 17, 1997)).

to a stop. (SOF ¶¶ 6-7; Pl. Tr. at 54:4-55:3). Plaintiff alleges that she sustained neck, head, and back injuries as a result of the crash. (Lewis Aff. at 3; Compl. at 6).

The parties dispute what caused the Vehicle to suddenly accelerate. Plaintiff testified that her foot was on the brake when the car "lunged forward" and that she had not touched the accelerator. (Pl. Tr. at 54:16-19, 55:5, 56:16-20, 82:10-13, 83:9-10). Plaintiff maintains that the Vehicle malfunctioned in that the accelerator engaged spontaneously and that the break and airbag failed, resulting in the crash. (Lewis Aff. at 2-3). She further alleges that the Vehicle "continued to revv for more than twenty minutes" after the crash despite no one being in the vehicle to engage the accelerator, and that the "brake pedal was stuck to the floor." (*Id.* at 2). However, Defendant FCA maintains that the incident occurred because Plaintiff depressed the accelerator pedal in the Vehicle. (Def. Br. at 14; SOF ¶ 28). Data downloaded from the Vehicle's Event Data Recorder ("EDR") on February 1, 2023 indicates that the service breaks of the Vehicle were not utilized at any point in the five seconds prior to impact and that the accelerator pedal of the Vehicle was 100% depressed beginning 0.8 seconds prior and continuing up to the moment of impact. (SOF ¶¶ 9-12; Fine Decl., Ex. D "CDR Retrieval Report" at 17).

Defendant FCA now seek summary judgment dismissing Plaintiff's Complaint.

## **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, No. 17-CV-03875, 2020 WL 917294, at *4 (S.D.N.Y. Feb. 26, 2020) (citing *Anderson v. Liberty*

4

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[6] "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). "The question at summary judgment is whether a genuine dispute as to a *material* fact exists—not whether the parties have a dispute as to any fact." *Hernandez v. Comm'r of Baseball*, No. 22-343, 2023 WL 5217876, at *5 (2d Cir. Aug. 15, 2023); *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022)).

The Court's duty, when determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence. *Porter v. Dartmouth-Hitchcock Medical Center*, No. 92 F.4th 129, 147 (2d Cir. 2024) ("[T]he court may not make credibility determinations or weigh the evidence." (quoting *Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010))). The task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)).

"It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The Court must "resolve all ambiguities and draw all reasonable

---

[6] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)). Further, "while the court is required to review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Porter*, 92 F.4th at 147 (quoting *Kaytor*, 609 F.3d at 545). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 2020 WL 917294, at * 4 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, if "there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its entitlement to judgment as a matter of law. *See Glover v. Austin*, 289 F. App'x 430, 431 (2d Cir. 2008) ("Summary judgment is appropriate if, but only if, there are no genuine issues of material fact supporting an essential element of the plaintiffs' claim for relief."); *Pimentel v. City of New York*, 74 F. App'x 146, 148 (2d Cir. 2003) (holding that because plaintiff "failed to raise an issue of material fact with respect to an essential element of her claim, the District Court properly granted summary judgment dismissing that claim"). Simply put, the movant must separately establish that the law favors the judgment sought.

The Court is, of course, mindful that "[*p*]*ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018). "It is

through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v. Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (explaining that the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment"); *Ross v. Koenigsmann*, No. 14-CV-01321, 2017 WL 9511096, at *1 (N.D.N.Y. Aug. 16, 2017), *adopted sub nom. Ross v. Mannava*, 2017 WL 4338883 (N.D.N.Y. Sept. 29, 2017).

The Court may, after giving notice and a reasonable time to respond, grant judgment for a nonmoving party. Fed. R. Civ. P. 56(f). Judgment for the nonmoving party may be appropriate where the record is clear "that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court . . . if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000).

## ANALYSIS

Defendant FCA seeks summary judgment on the basis that Plaintiff failed to produce any admissible evidence in support of her claims and the uncontroverted evidence shows that Plaintiff's own actions caused the accident. (Def. Br. at 14-15). Plaintiff alleges that Defendant FCA produced a defective product that malfunctioned while she was driving it, causing the accident and her resulting injuries. (*See generally* Lewis Aff.). "Under New York law, a plaintiff

7

may allege that a product is defective for any of three reasons: (1) manufacturing defect, (2) failure to warn, or (3) design defect." *Williamson v. Stryker Corp.*, No. 12-CV-07083, 2013 WL 3833081, at *6 (S.D.N.Y. July 23, 2013). Construing Plaintiff's pleadings "to raise the strongest arguments they suggest,"—as the Court is obligated to do—the Court interprets Plaintiff's allegations to press claims for manufacturing defect and failure to warn.[7] *Mortimer*, 2018 WL 1605982, at *9.

I. <u>Manufacturing Defect</u>

To state a claim for manufacturing defect under theories of strict liability or negligence "the plaintiff must allege that (1) the product was defective due to an error in the manufacturing process and (2) the defect was the proximate cause of plaintiff's injury."[8] *Williamson*, 2013 WL 3833081, at *4; *see also Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 85 (S.D.N.Y. 2001). "In other words, a manufacturing flaw exists when the unit in question deviates in quality and other performance standards from all of the other identical units." *Colon ex rel. Molina*, 199 F. Supp. 2d at 85.

Defendant FCA first contends that Plaintiff has not proffered any admissible evidence which identifies a specific manufacturing defect within any component of the Vehicle. (Def. Br. at 16-17, 21). Plaintiff alleges that the Vehicle malfunctioned when it "spontaneously accelerated

---

[7] "A defectively manufactured product is flawed because it is misconstructed [*sic*] without regard to whether the intended design of the manufacturer was safe or not. In contrast . . . design defects involve products which are made imprecise conformity with the manufacturer's design but nevertheless result in injury to the user because the design itself was improper." *Michael v. GM Co.*, 2018 U.S. Dist. LEXIS 194219, *19-20 (S.D.N.Y. Nov. 13, 2018) (citing *Caprara v. Chrysler Corp.*, 52 N.Y.2d 114 (N.Y. 1981)). Here, Plaintiff's Complaint advances a claim for manufacturing defect rather than design defect. She alleges that the Vehicle "malfunction[ed]" when it spontaneously accelerated and that "the brake and the airbag failed." (Lewis Aff. at 2). If, by contrast, Plaintiff were proceeding under a theory of design defect, she would have asserted that the spontaneous acceleration and break and airbag failure occurred by design and would have blamed this design for her injuries. *See i.e. Michael*, 2018 U.S. Dist. LEXIS 194219 at *19-20.

[8] "Under New York law, strict liability and negligence are functionally equivalent." *Cosh v. Atrium Med. Corp.*, No. 18-CV-08335, 2020 WL 583826, at *2 (S.D.N.Y. Feb. 6, 2020) (collecting cases); *Tears v. Boston Sci. Corp.*, 344 F. Supp. 3d 500, 509 (S.D.N.Y. 2018) (same). Accordingly, the Court will analyze Plaintiff's strict liability and negligence claims using the same standards.

8

while revving from 0 to 300 in under 2.3 seconds . . . and the brake and the air bag failed causing the crashes. . . ." (Compl. at 2). When asked at her deposition what specific product element was defective, Plaintiff testified that she believed the "computer malfunction[ed]" and "the sensors in the computer that [are] supposed to send messages for the brake to work, for the accelerator to work, for the steering column." (Pl. Tr. at 133:14-19, 134:6-13, 135:10-136:12). Plaintiff then confirmed that she was "not sure exactly what was defective." (*Id*. at 135:16-21). Accordingly, while Plaintiff generally references the computer, accelerator, breaks, and steering column, Plaintiff does not specifically identify a component of the Vehicle that she believes was defective. Nor does Plaintiff offer expert testimony identifying any specific defect. (Def. Br. at 17-18; Pl. Tr. at 132:7-12).

However, where a plaintiff cannot prove a specific manufacturing defect through expert testimony or other direct evidence, she "may nonetheless prevail on the basis of circumstantial evidence alone." *Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 419 F. Supp. 3d 490, 509 (E.D.N.Y. 2019); *see also Ramos v. Howard Indus., Inc.*, 10 N.Y.3d 218, 223 (2008) ("It is well settled that a products liability cause of action may be proven by circumstantial evidence, and thus, a plaintiff need not identify a specific product defect."). "Under this circumstantial approach, 'in order to proceed in the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants.'" *Zsa Zsa Jewels, Inc.*, 419 F. Supp. 3d at 510. "[T]he circumstances of the accident alone may permit an inference of a product defect sufficient to withstand summary judgment." *Id*. at 520. "[P]laintiff must first establish that the injury was of a kind that ordinarily occurs as a result of a product defect, which may be inferred where the product did not perform as intended." *Id*. "The burden then shifts to the defendant to propose an alternative explanation for

9

the harm, one that does *not* implicate a product defect." *Id*. at 511 (emphasis in original).

Even if Plaintiff could establish that the Vehicle "did not perform as intended," she cannot demonstrate that the accident was "solely the result of causes other than product defect." *Valente v. Textron, Inc.*, 931 F. Supp. 2d 409, 438 (E.D.N.Y. 2013), *aff'd*, 559 F. App'x 11 (2d Cir. 2014). Defendant FCA has proffered evidence that the sudden acceleration occurred when the accelerator pedal was 100% depressed. (SOF ¶ 12). Specifically, the Crash Data Retrieval Report shows that the accelerator pedal was fully depressed beginning 0.8 seconds prior and continuing up to the crash. (CDR Retrieval Report at 17). Plaintiff does not dispute that the accelerator was engaged in the seconds leading up to the crash, but rather argues that it engaged spontaneously because her foot was on the break and not the accelerator. (Lewis Aff. at 2; Pl. Tr. at 54:15-19). Plaintiff's testimony that her foot was on the break is directly controverted by the physical evidence showing that the service breaks were not utilized in the five second prior to impact. (CDR Retrieval Report at 17). Plaintiff has failed to offer competent evidence ruling out Defendant FCA's alternative theory of the accident—that the accelerator pedal was depressed. *See Zsa Zsa Jewels, Inc.,* 419 F. Supp. 3d at 521 ("plaintiff is required to rule out [the alternative explanations] . . . that the defendant has proposed."); *see also Speller ex rel. Miller v. Sears, Roebuck & Co.*, 790 N.E.2d 252, 255 (N.Y. 2003) ("In order to withstand summary judgment, plaintiffs were required to come forward with competent evidence excluding [defendant's alternative cause evidence].").

Accordingly, summary judgment is warranted as to Plaintiff's manufacturing defect claim. *See Valente*, 931 F. Supp. 2d at 438 (granting summary judgment where "Plaintiffs do not have

any direct evidence of a defect or any evidence to exclude these other possible causes.").[9]

II. Failure to Warn

"In a claim for failure-to-warn, 'a plaintiff may assert that a product is defective because the manufacturer failed to provide adequate warnings regarding the risks and dangers associated with the use, or foreseeable misuse, of its product.'" *W.S.R. by & through Richardson v. FCA US, LLC*, No. 18-CV-06961, 2022 WL 4648403, at *20 (S.D.N.Y. Sept. 30, 2022). To sustain a failure to warn claim, Plaintiff must show "(1) that a manufacturer has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of harm." *Colon ex rel.*, 199 F. Supp. 2d at 84. "Although [t]he sufficiency of a warning is generally a question of fact to be determined at trial . . . a plaintiff has the burden of proving that the absence of an adequate warning proximately caused his injury." *W.S.R. by & through Richardson*, 2022 WL 4648403, at *20.

It is unclear what, if any, warning Plaintiff contends was inadequate. (Def. Br. at 22-23). The Complaint alleges that "the brake engages when the vehicle is in motion, which is why . . . 1.3 million Jeep Cherokees may have been recalled over a parking brake issue . . . ." (Compl. at 1). Plaintiff later testified that the Vehicle was recalled "for a number of reasons," including for the steering gear, airbag, and potentially for the brake, that Mr. Owens did not receive notice of these recalls, and that Defendant FCA should have given a warning that the Vehicle "had recalls." (Pl. Tr. at 136:24-137:1, 137:23-140:9; Docs. 67-68). To the extent Plaintiff advances a failure to warn claim, the Court cannot, on this record, ascertain what warning is the subject of her claim.

---

[9] Plaintiff theorizes in written submissions to the Court that the Vehicle's malfunction is attributable to a "missing Vent Tube" which caused the braking system to fail and "deflected fuses" which created an electrical problem and resulted in a "false reading" of the EDR Download. (Doc. 84). However, Plaintiff offers no testimony or other evidence in support of this theory. Plaintiff's conclusory statements which are unsupported by any admissible evidence are insufficient to create a genuine issue of material fact.

11

Accordingly, Defendant FCA's motion is granted as to the failure to warn claim. *See, e.g., Amica Mut. Ins. Co. v. Electrolux Home Prod., Inc.*, 440 F. Supp. 3d 211, 220 (W.D.N.Y. 2020) (granting summary judgment dismissing failure to warn claim where "plaintiff has not specifically identified a deficiency in the defendant's warnings.").

## CONCLUSION

Based on the foregoing, Defendant FCA's motion for summary judgment is GRANTED. Plaintiff's Complaint is dismissed.

The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 63; Doc. 84), mail a copy of this Opinion and Order to Plaintiff, and close this case.

**SO ORDERED:**

Dated: White Plains, New York
September 9, 2024

_____
Philip M. Halpern
United States District Judge